[Crim. No. 2555. Third Dist. Oct. 5, 1955.]

THE PEOPLE, Respondent, v. GEORGE WEBSTER, Appellant.

Charles H. Bitterling, under appointment by the District Court of Appeal, for Appellant.

Edmund G. Brown, Attorney General, and G. A. Strader, Deputy Attorney General, for Respondent.

PEEK, J.—This is an appeal by defendant from a judgment of conviction pursuant to a jury verdict finding him guilty of the crime of burglary in the first degree. Defendant's notice of appeal was filed in propria persona; however, he is now represented by counsel appointed by this court. Originally the information charged defendant and one Rolando Abad jointly with the crime of burglary. The information also charged defendant with two prior convictions of burglary, which he admitted. Thereafter, on motion of the prosecution, the information as to Abad was dismissed and the trial proceeded against Webster alone. At the conclusion of the first trial, the jury, being deadlocked, was dismissed. Upon the second trial the jury returned a verdict of guilty and this appeal followed.

The sole ground now urged by defendant is that the evidence is insufficient to support the verdict. The record shows that while Mr. and Mrs. Perkins were entertaining their neighbors, Mr. and Mrs. Severson, muffled footsteps were heard in the kitchen. Mrs. Perkins went to investigate. There she saw a dark, slick-haired man, approximately 5 feet 8 inches in height, standing with his back towards her. He was wearing a dark jacket and light trousers. She screamed and the man fell to the floor. When she and the others returned to the kitchen, the man had fled. Mr. Perkins and Mr. Severson then went outside to investigate, and observed a man walking along the opposite side of the street from the Perkins residence. As they approached him Mrs. Perkins called out that he was the same man she had seen in the kitchen, and they commanded him to stop. The suspect immediately turned and fled, and neither Perkins nor Severson was able to apprehend him. At approximately this same time a car was noticed parked directly . across the street from the Perkins residence. An unidentified man was seen to get into the car, and when commanded to stop, drove away at high speed. Undersheriff Rippey of Sacramento County, another neighbor who had been aroused, fired three shots at the fleeing automobile, and still another neighbor obtained the license number of the car. Upon returning to their home,

and subsequent to the arrival and departure of police officers, the Perkinses discovered a pair of men's shoes on the back porch. Three days after the incident a 1949 Mercury automobile bearing the same license number as that which fled the scene of the burglary and which was registered to Abad, was taken to a garage in Vallejo by the defendant. He used the name of "Nick Ramirez" at the garage and requested that the bullet holes be repaired. Abad, who was called by the prosecution, testified that he had loaned his car to the defendant on the day of the burglary; that defendant had told him that the car had engine trouble and was being repaired at a garage in Oakland. He also identified the shoes as being those of the defendant, and further testified that shortly after the alleged burglary he met the defendant at a shoe store where the defendant purchased two new pairs of shoes. On cross-examination Abad was shown to have been previously convicted of a felony. Although both Mr. Perkins and Mr. Severson testified that the man they accosted on the street was within a few feet of them and directly in the beams of their flashlights, they could not identify him as the defendant. Neither could they testify whether or not he was wearing shoes at that time; however, they did state that when he fled he did not slip on the damp ground as they did. It was also impossible for Mrs. Perkins to identify defendant as the man she saw in the kitchen. The defendant took the stand in his own behalf and denied any connection with the alleged burglary. He admitted to police officers that the shoes which were found on the back porch were his, adding that he had left them in Abad's car several days before the burglary.

The rule governing the province of reviewing courts when on appeal the evidence, circumstantial or otherwise, is attacked as being insufficient, is too well established to warrant citation of authority. It is only when it has been made "clearly to appear that upon no hypothesis whatever is there sufficient substantial evidence to support the conclusion reached in the court below" that a court is warranted in setting aside the verdict of the jury. (*People* v. *Newland,* 15 Cal.2d 678 [104 P.2d 778].)

Although the evidence disclosed by the record herein is circumstantial in that no witness testified he could positively identify defendant as the man who was seen at or near the scene of the burglary, we cannot say that there is not sufficient evidence to support the verdict of the jury. The record shows

that the description given by Mrs. Perkins ef the man she observed in her kitchen, so far as it goes, fits the defendant; when she identified the man across the street he fled in Abad's car; the defendant had possession of the car at the time of the burglary; he gave a fictitious name at the garage where he had the bullet holes in the car repaired; he deceived the owner by telling him that the car had engine trouble and was being repaired in Oakland; and, finally, he admitted that the shoes found at the scene of the crime were his.

The judgment is affirmed.

Van Dyke, P. J., and Schottky, J., concurred.